**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**METRIS COMPANIES, INC. and METRIS DIRECT, INC.,**

Plaintiffs,

v.

**WEBMILES, INC. aka Webmiles.com Corp.,**

Defendant,

---

Civil No. 01-1457 (MJD/JGL)

**O R D E R**

APPEARANCES

Emily M. Rome, Esq., and Katie Crosby Lehmann, Esq., for Plaintiffs.

Joseph M. Musilek, Esq., for Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 15, 2001 on Plaintiffs' Motion to Amend the Complaint (Doc. No. 9). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Plaintiffs Metris Companies, Inc. and Metris Direct, Inc. (collectively "Metris") move to add a paragraph to its complaint. Defendant WebMiles, Inc. ("WebMiles") opposes the amendment, contending that Metris is

FILED NOV [illegible] 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

attempting to circumvent the federal removal and transfer rules. According to WebMiles, the amendment is actually an assertion of a new claim that is currently the subject of a separate, pending state court action brought by WebMiles against Metris in Utah.

An understanding of the history of this case is necessary for proper resolution of the current motion. WebMiles and Direct Merchants Credit Card Bank ("Direct Merchants"), a Metris subsidiary, created a travel rewards program ("the Original Agreement") based on credit card purchases, in which WebMiles members could accrue credits to obtain free or discounted air travel. The parties later mutually decided to terminate the Original Agreement, with the termination to begin August 1, 2001, and to be completed by August 31, 2001. This timeline and other provisions were agreed to in a separate agreement ("the Termination Agreement"). Metris planned to develop its own travel reward program in conjunction with Direct Merchants. WebMiles intended to continue its program with a different credit card issuer. WebMiles members affected by the terminated agreement could choose between the two new programs during the conversion period.

Both Metris and WebMiles accuse each other of making false and disparaging comments to members during the conversion period in violation of the Termination Agreement, which prohibits the parties from such conduct. In what WebMiles characterizes as a "race to the courthouse," Metris filed this

action on August 9, 2001, asserting breach of contract, tortious interference with contract and prospective economic advantage, false advertising, and unfair competition. The claims are based solely on the Termination Agreement and WebMiles' conduct during the conversion period. WebMiles filed its answer and counterclaim on September 5, 2001.

On November 1, 2001, Metris was due to make its final, revenue-sharing payment to WebMiles but did not, according to WebMiles. WebMiles submits that the Termination Agreement required Metris to continue to make the revenue-sharing payments in accordance with the Original Agreement. Therefore, WebMiles filed an action in Utah state court against Metris, alleging breach of contract with respect to the Original Agreement.

Turning to the current motion, WebMiles contends that Metris' proposed amendment relates to the revenue-sharing payment due under the Original Agreement, not the parties' alleged behavior under the Termination Agreement. Acknowledging the liberal nature of Federal Rule of Civil Procedure 15, WebMiles argues that Metris' intention is to assert a claim identical to WebMiles' claim in the Utah action.

## II. DISCUSSION

Metris proposes to add the following paragraph to its breach of contract claim.

> 16. In light of WebMiles' breach of contract, Metris is discharged from paying to WebMiles the July and

> August 2001 revenue-sharing amounts arising out of the Termination Agreement. If, however, the Court orders Metris to pay the July and August 2001 revenue-sharing amounts, then any such amount should be used only to reduce the amount WebMiles owes to Metris in compensation for Metris' damages averred in this action.

The paragraph clearly mirrors the cause of action filed by WebMiles in Utah. Moreover, although Metris does not ask to amend its prayer for relief, it is clear from the wording of the proposed amendment that Metris is seeking a right of setoff or a declaratory judgment that it does not have to make the revenue-sharing payment under the Original Agreement.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint only by leave of the Court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 14(a). Leave may be withheld if the moving party is guilty of undue delay, bad faith, or dilatory motive, or if permission to amend would unduly prejudice the opposing party. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

In the present case, the Court finds that the amendment would unduly prejudice WebMiles. First, the proposed paragraph does not merely "add a reference" to the Termination Agreement. Rather, the language adds a new claim that brings the Original Agreement into the case for the first time, and the paragraph seeks relief directly implicating WebMiles' Utah claim. The

possibility of conflicting results is one consideration since both the state and federal case would depend on interpretation of the same contract.

If Metris is seeking declaratory relief, as it appears from the wording of the proposed language, the amendment would complicate the federal and state court cases. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942); see also Int'l Ass'n of Entrepreneurs v. Angoff, 58 F.3d 1266, 1270 (8th Cir. 1995). On the other hand, if Metris is asserting its right to setoff, a claim for setoff is properly an affirmative defense and must be pled in an answer. See Joseph V. Edeskuty & Assoc. v. Jacksonville Kraft Paper Co., Inc., 702 F. Supp. 741, 749 (D. Minn. 1988) (examining the issue in the context of Federal Rule of Civil Procedure 8(c)). Accordingly, it would have been more appropriate for Metris to have used the language now at issue as a defense to the Utah state court action.

In either case, the proposed amendment would cause the current federal case to become partially duplicative of WebMiles' state court action. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results . . . ." Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988).

Such proceedings could amount to a "grand waste of efforts by both the court and parties in litigating the same issues regarding the same contract in two forums at once." Microsoftware Computer Sys. v. Ontel Corp., 686 F.2d 531, 538 (7th Cir. 1982), overruled on other grounds by Gulf Stream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271 (1988). Furthermore, if the Court allowed Metris to amend its complaint as proposed, it is possible that WebMiles might request this Court to stay the parallel federal proceedings, in which case the proposed amendment could become moot.

A final and most important consideration is Metris' ability to effectively add the proposed language to this case by seeking removal and transfer of the Utah action here. Metris offered no reason for not seeking removal and transfer of the Utah case, even when explicitly asked by the Court at the motion hearing. The procedural posture of International Association of Entrepreneurs demonstrates that a party should first seek removal before attempting "to open a new portal of entry to federal court for suits that are essentially defensive or reactive to state actions." 58 F.3d at 1270 (citations omitted).

For the above reasons, Metris' motion to amend the complaint is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Metris' Motion to Amend the Complaint (Doc. No. 9) is **DENIED**.

Dated: November 20, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge